In the Matter of TRI-REME REALTY CORPORATION, Appellant. EDWARD CORSI, as Industrial Commissioner of the State of New York, Respondent.— Appeal by employer corporation from a decision of the Unemployment Insurance Appeal Board, confirming a decision of a referee of the unemployment referee section of the State Department of Labor, which decision held that the compensation paid to Louis G. Hart, Jr., an attorney for the employer, was taxable as the salary of an employee. The attorney was president of the employer corporation. The corporation was engaged in the real estate business. It owned thirty parcels of real estate. Its principal place of business was at the offices of the attorney. The attorney's salary from the corporation was measured and determined by his retention of 15% of the gross rentals from the real estate.

The attorney took over the management of this real property. He became president of the employer corporation about November 1, 1938. He says he became president as a matter of convenience and to facilitate the management of the property. He says he was engaged as attorney by Mrs. Josephine Creamer, who owned all except two shares of the stock of the corporation. As a consideration for the 15% of gross rentals retained by the attorney, he kept the books and records of the corporation. He prepared tax returns. He handled the matter of repairs for tenants. He determined who the tenants should be. He rented the various parcels of real estate. He collected the rents. He drew the leases. He hired and discharged the employees and had sole management of the property. He submitted annual reports to the principal stockholder regarding the details of management. In addition to the salary represented by 15% of the gross rentals, he made specific charges for items of litigation. The attorney states that he was an employee of the corporation but asserts that his remuneration came to him in his professional capacity. That is also the contention of the appellant corporation. The attorney says he had control of the corporation by being its president and director and by having his stenographer as a director and secretary of the corporation. He says that the corporation had no control over him. The evidence shows, however, that at least in the matter of disposition of property he took orders from the principal stockholder. It is recognized that many attorneys engage in business outside the strict practice of the law. Here it is a question of the exemption of the corporation, not the exemption of the attorney. As an attorney he performed services for which he made specific charges, and he performed other services as manager of the business and received a salary which is subject to unemployment insurance. There is evidence to justify the determination made by the Appeal Board. Decision affirmed, with costs to the Industrial Commissioner. All concur, except Hill, P. J., who dissents upon the ground that Hart's employment was as an attorney.