## (January 20, 1949.)

In the Matter of the Claim of GEORGE H. DYBDAL, Claimant. JOHNSON CONSTRUCTION COMPANY, Appellant; EDWARD CORSI, as Industrial Commissioner, Respondent. In the Matter of JOHNSON CONSTRUCTION COMPANY, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— This is an appeal by an employer from a decision of the Unemployment Insurance Appeal Board which affirmed the decision of an Unemployment Insurance Referee sustaining the determination by the Industrial Commissioner holding the employer liable for the payment of contributions from April 1, 1940, and also holding claimant to be eligible for benefits on the basis of his having been employed by appellant during the base year of 1945. The appellant is a corporation. Two thirds of the corporate stock is held by the president, John Johnson, and the remaining one third is held by Boine T. Johnson, his son, who is vice-president of the corporation. It has title to a fourteen-family apartment building in Brooklyn. It also has the legal title to a seventy-two-family apartment building, likewise located in Brooklyn. At each of these two buildings, it employs a superintendent or janitor. From 1940 to July 1, 1945, it also employed a painter. Appellant concedes that it has three employees. It contends that Boine T. Johnson was not an employee and also that claimant never became its employee. The board found as a fact that Boine T. Johnson was an employee commencing April 1, 1940. Boine T. Johnson is an attorney at law. From 1940 he was paid by the appellant corporation $2,000 a year for "legal and management fees". The record shows that he negotiated with tenants and arranged leases, that he gave orders to claimant and to others, that he visited the buildings at least once a month, that he visited his father's office every morning, that he kept a payroll book and payroll slips, that he also kept records of rents collected and checked the monthly balances. The evidence sustains the finding that he was an employee. (*Matter of Tri-Reme Realty Corp. [Corsi]*, 269 App. Div. 872, affd. 296 N. Y. 566.) The proof also indicates that claimant became employed by the appellant corporation, and also as a part time employee by its president, Johnson, individually, in June, 1945. He worked on properties owned by the appellant corporation and also on properties owned by Johnson, individually. The board found that 70% of the time he was working for the appellant, and that 30% of the time he was working for Johnson, individually. Only questions of fact are involved. The evidence sustains the decision of the board. Decision unanimously affirmed, with costs to the Industrial Commissioner. Present — Foster, P. J., Heffernan, Brewster, Santry and Bergan, JJ.

CALVIN SPAMAN, Appellant, v. GERALDINE SPAMAN, Respondent.— Appeal from an order entered in St. Lawrence County Clerk's Office November 18, 1948, which made an allowance to defendant wife for counsel fees and expenses on appeal. Order unanimously affirmed, without costs. Present — Foster, P. J., Brewster, Deyo, Santry and Bergan, JJ.